AO 245B (Rev. 3/01) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

MIDDLE District of PENNSYLVANIA

UNITED STATES OF AMERICA
V.

VICTOR MANUEL ARROYO
aka Yosef Ali Ibrahim
True Name Yusef Ali Ibrahim

## JUDGMENT IN A CRIMINAL CASE

(For Offenses Committed On or After November 1, 1987)

Case Number: 1:00-CR-294-01

John F. Pyfer, Esquire
Defendant's Attorney

FILED
HARRISBURG, PA
OCT 11 2001
MARY E. D'ANDREA, CLERK
Per ______ Deputy Clerk

**THE DEFENDANT:**

X pleaded guilty to count(s) III of the Indictment

☐ pleaded nolo contendere to count(s) ______ which was accepted by the court.

☐ was found guilty on count(s) ______ after a plea of not guilty.

FILED
SCRANTON
APR 04 2005
MARY E. D'ANDREA, CLERK
Per ______
DEPUTY CLERK

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC § 922 (g) | Possession of a Firearm by a Convicted Felon | 01/11/2000 | III |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ______

X Count(s) I, II, IV and V ☐ is X are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 10/25/1976

Defendant's USM No.: 10288-067

Defendant's Residence Address:

SCI Frackville
1111 Altamont Boulevard
Frackville, PA. 17931

Defendant's Mailing Address:

SCI Frackville
1111 Altamont Boulevard
Frackville, PA. 17931

October 11, 2001
Date of Imposition of Judgment

[signature]
Signature of Judicial Officer

Sylvia H. Rambo, United States District Judge
Name and Title of Judicial Officer

10/11/01
Date

Certified from the record
Date 10-11-01
Mary E. D'Andrea, Clerk
Per [signature]
Deputy Clerk

FEB 08 2005 13:47 FR US MARSHALS
FEB 08 2005 14:38 FR US MARSHALS 570 323 7268 TO BOP PHILADELPHIA P.05/11

DEFENDANT: VICTOR MANUEL ARROYO, aka Yosef Ali Ibrahim, True Name Yusef Ali Ibrahim
CASE NUMBER: 1:00-CR-294-01

## IMPRISONMENT

Pursuant to the Sentencing Reform Act of 1984, the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 110 Months. The court recommends to the Bureau of Prisons that the SCI Frackville or any institution to which the defendant may be transferred, be designated as the place of confinement, thereby making this sentence concurrent with York County Cases 762CA2000 and 1504CA2000.

X The court makes the following recommendations to the Bureau of Prisons:
Recommendation for a prison in the Harrisburg, PA. Area for purposes of family visitations.

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

- ☐ at ______ ☐ a.m. ☐ p.m. on ______.
- ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

- ☐ before 2 p.m. on ______.
- ☐ as notified by the United States Marshal.
- ☐ as notified by the Probation or Pretrial Services Office.

☐ The defendant is to contact the United States Marshal's Office no later than three days prior to the above date to be notified of the place of confinement.

## RETURN

I have executed this judgment as follows:

______

Defendant delivered on 3/25/05 to LSCI Alf PA

at ______, with a certified copy of this judgment.

[signature]
UNITED STATES MARSHAL

By ______
DEPUTY UNITED STATES MARSHAL



FEB 08 2005 13:47 FR US MARSHALS 717 782 4412 TO MRSH
FEB 08 2005 14:39 FR US MARSHALS 570 323 7268 TO BOP PHILADELPHIA P.06/11

DEFENDANT: VICTOR MANUEL ARROYO, aka Yosef Ali Ibrahim, True Name Yusef Ali Ibrahim
CASE NUMBER: 1:00-CR-294-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term 3 Years

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994*:

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as directed by the probation officer.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

FEB 08 2005 14:39 FR US MARSHALS 570 323 2268 TO BOP PHILADELPHIA P.07/11

DEFENDANT: VICTOR MANUEL ARROYO, aka Yosef Ali Ibrahim, True Name Yusef Ali Ibrahim
CASE NUMBER: 1:00-CR-294-01

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

14) the defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.

15) the defendant shall participate in a program of testing and treatment for drug abuse, as directed by the Probation Office, until such time as you are released from the program by the Probation Officer.

16) the defendant shall notify the Court and U.S. Attorney's Office of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments.

17) the defendant shall not incur new credit charges or open additional lines of credit without the approval of the Probation Officer unless the defendant is in compliance with the installment schedule for payment of restitution, fines or special assessment.

18) the defendant shall provide the Probation Officer with access to any requested financial information.

DEFENDANT: VICTOR MANUEL ARROYO, aka Yosef Ali Ibrahim, True Name Yusef Ali Ibrahim
CASE NUMBER: 100-CR-294-01

## ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant shall pay any balance of the fine imposed by this judgment which remains unpaid at the commencement of the term of supervised release in minimum monthly installments of no less than $50.00.

FEB 08 2005 14:39 FR US MARSHALS 570 323 7268 TO BOP PHILADELPHIA P.09/11

DEFENDANT: VICTOR MANUEL ARROYO, aka Yosef Ali Ibrahim, True Name Yusef Ali Ibrahim
CASE NUMBER: 1:00-CR-294-01

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ 1000.00 | $ N/A |

☐ The determination of restitution is deferred until ______. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| TOTALS | $ ______ | $ ______ | |

☐ If applicable, restitution amount ordered pursuant to plea agreement $ ______

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for the ☐ fine and/or ☐ restitution.

☐ the interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

FEB 08 2005 14:39 FR US MARSHALS 570 323 7258 TO BOP PHILADELPHIA P.10/11

** TOTAL PAGE.11 **
** TOTAL PAGE.07 **



DEFENDANT: VICTOR MANUEL ARROYO, aka Yosef Ali Ibrahim, True Name Yusef Ali Ibrahim
CASE NUMBER: 1:00-CR-294-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A X Lump sum payment of $ 1,100.00 due immediately, balance due

☐ not later than ____________________, or
☐ in accordance with ☐ C, ☐ D, or X E below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ E below); or

C ☐ Payment in __________ (e.g., equal, weekly, monthly, quarterly) installments of $ __________ over a period of __________ (e.g., months or years), to commence __________ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in __________ (e.g., equal, weekly, monthly, quarterly) installments of $ __________ over a period of __________ (e.g., months or years), to commence __________ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E X Special instructions regarding the payment of criminal monetary penalties:

The defendant shall pay any balance of the fine imposed by this judgment which remains unpaid at the commencement of the term of supervised release in minimum monthly installments of no less than $50.00.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk, United States District Court, Middle District of Pennsylvania, 235 North Washington Ave., Post Office Box 1148, Scranton, Pa. 18501, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant Name, Case Number, and Joint and Several Amount:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.